## THE PEOPLE v. JOHN HICKS.

*Criminal law—Justices' courts—Trial—Verdict—Practice.*

It is error to allow a prosecuting attorney, after a jury in a criminal case in justice's court have announced their inability to agree, to question them as to the cause of such disagreement, and to read law to them, and state to them what verdict they may legally render, the defendant nôt consenting but objecting to such action.

Error to Gratiot. (Hart, J.)  Argued October 17, 1888. Decided October 26, 1888.

Respondent was convicted in justice's court of an assault, which conviction was affirmed on *certiorari* at the circuit, and is reversed on error. The facts are stated in the opinion.

*W. A. Bahlke,* for respondent.

*Moses Taggart,* Attorney General, and *B. H. Sawyer,* Prosecuting Attorney, for the people.

MORSE, J.   Hicks was prosecuted before Almon Yerington, a justice of the peace of Arcada, Gratiot county, upon a criminal complaint for assault and battery.  Upon the first trial the jury disagreed.

At the second trial, after hearing the proofs, the jury retired to deliberate upon their verdict. After being out some time, they returned into court, and reported they were not able to agree. The justice then said to them: "The jury is discharged." Thereupon the prosecuting attorney requested the court not to discharge the jury, as he wished to examine them. The justice returns that he granted this request.

"The jury did not rise from their seats, and the prosecutor then asked them the following question: 'Are you unable to agree for the reason of any law that has been introduced?' which was objected to by defendant's counsel as incompentent, improper, immaterial, and irrelevant, and the objection overruled."

The foreman of the jury replied:

"The jury is not clear as to whether they can find a verdict as to assault and battery, or assault, either or both."

The defendant's counsel then asked a discharge of the jury, which was refused. The prosecuting attorney then stated the law to the jury, and informed them that they might find the defendant guilty of assault and battery, or assault alone, as the facts appeared to them, and that assault and battery included an assault. He also read the law as found on page 572, Tiff. Crim. Law. This was done against the objection of defendant's counsel, who insisted that the jury should be discharged.

"Prosecuting attorney asks court to ask the jury that if after they have heard the law whether they think they will be able to agree if they retire. Defendant's attorney objects as incompetent and immaterial. Court asks the question. Jury respond in the affirmative."

The court then directed the jury to retire, which they did. Soon after they returned with a verdict of guilty of assault. The defendant's counsel then objected to the verdict, but was overruled by the court, who rendered

judgment that Hicks should pay a fine of $20, and $38.38 costs, within four days, and in default thereof to be imprisoned in the county jail for 30 days.

The case was taken to the circuit court by writ of *certiorari*, and there the judgment was sustained. The justice returns that, although he told the jury they were discharged, he did not "formally discharge" them.

It is claimed by the Attorney General that either party has a right to poll the jury at any time before the verdict is recorded, and that the action of the prosecuting attorney amounted to no more than this. But the jury had rendered no verdict; and the prosecuting attorney, without the consent of the defendant, had no business to interfere with the jury at all until after verdict. The justice might have read the law to them, and sent them back, had he so desired; but here the prosecuting attorney took the matter into his own hands, and questioned and instructed them before their deliberations were ended, and after they had commenced deliberating upon their verdict.

It is also contended that no harm was done in a simple statement of the law to them. It seems, however, that the action of the prosecutor resulted in a verdict against the defendant, which result was not reached until after the interference of the prosecutor. There can be no excuse for the conduct of the prosecutor and court in this case. They went beyond the law, and, although their motives were good, the result reached was an unlawful one.

The verdict and judgment must be set aside, and the respondent discharged.

The other Justices concurred.